Zimmerman, J.,
 

 dissenting. We dissent for the principal reason that in our opinion Section 5399,- General
 
 *240
 
 Code, was intended by the General Assembly to operate prospectively and to apply only to tangible personal property removed from the real estate tax duplicate in tax years after the effective date of the statute. This is demonstrated by the use of such terms in the statute as “shall have been determined,” “shall have been removed” and “shall not be listed.”
 

 The general policy of this state with respect to the passage of laws having a retroactive operation is expressed in Section 28, Article II of the Constitution of Ohio, which reads in part:
 

 “The General Assembly shall have no power to pass retroactive laws * *
 

 Moreover, the presumption always obtains that the Legislature intended its enactments to operate prospectively, and they will not be accorded a retroactive effect by the courts unless such intention is manifested by'express and unequivocal language. 37 Ohio Jurisprudence, 819
 
 et seq.,
 
 Section 500; 50 American J urisprudence, 494, Section 478.
 

 Thus, in the early case of
 
 Steamboat Monarch
 
 v.
 
 Finley,
 
 10 Ohio, 384, 391, this court remarked:
 

 “No court will give to a statute a retrospective operation, unless it is absolutely necessary to carry out the intention of the Legislature.”
 

 And see
 
 Bernier
 
 v.
 
 Becker,
 
 37 Ohio St., 72, 74.
 

 It may be added that the rule against according statutes a retroactive effect applies with full force to statutes affording relief from taxation. 51 American Jurisprudence, 359, Section 306;
 
 Id.,
 
 538, Section 537.
 

 Coming now to specific instances where statutes containing language like that employed in Section 5399, General Code, have* been held to operate prospectively, attention is first directed to the case of
 
 State, Alden, Prosecutrix,
 
 v.
 
 City of Newark,
 
 40 N. J. Law (11 Vroom), 92, 96, in which if is said:
 

 
 *241
 
 “ ‘Shall have been’ is the future perfect tense, which represents an event as completed in future time, and ‘shall be’ represents what will take place in future time. If the Legislature had intended to make the law retroactive, it would have been easy to express it by the use of the words
 
 has been
 
 or
 
 had been,
 
 in the present or past perfect tense, or other equivalent words. * * * The court will not assume that the draughtsman of the act was a bad grammarian, in order to make the law retroactive, when there is no other expression in it which indicates such a purpose. There will be no intendment in favor of a retroactive construction. The rule is to construe all legislative acts prospectively, unless there be a clearly expressed purpose to make them retrospective, and the language used must be so clear and imperative as not to admit of doubt. This intent must appear by express words or by necessary implication. ’ ’
 

 Again, in
 
 Dewart
 
 v.
 
 Purdy,
 
 29 Pa. (5 Casey), 113, 117, the court stated:
 

 “Giving then to the words before us [‘shall have been made’] their genuine grammatical meaning, we hold them applicable not to a valuation made after the enactment of the law but before it took effect, but only to valuations made after the law went into operation; and thus construed, the statute commences for every purpose,
 
 in futuro
 
 as Blaekstone said all laws should do.”
 

 See, also,
 
 Seale
 
 v.
 
 Balsdon et al., Trustees,
 
 51 Cal. App., 677, 197 P., 971, hearing denied by the Supreme Court of California.
 

 In view of the fact that the present statute did not become effective until four years after the assessment of the property, long after the certification of the assessment, after the final order of the tax commissioner, and even after the appeal to the Board of Tax Appeals,
 
 *242
 
 we think that the new provisions should not be applied retroactively and that the decision of the Board of Tax Appeals should be affirmed.
 

 Weyoandt, C. J., concurs in the foregoing dissenting opinioh. • '